UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

|  |  |
|---|---|
| ) | CIV. 11-5016 |
| ) | |
| ) | |
| KEVIN WALKING EAGLE, ) | ORDER GRANTING |
| ) | GOVERNMENT'S RENEWED |
| Petitioner, ) | MOTION FOR ORDER DIRECTING |
| ) | AFFIDAVIT RESPONSE |
| vs. ) | [DOCKET NO. 19] |
| ) | & DENYING PETITIONER'S |
| UNITED STATES OF AMERICA, ) | MOTIONS FOR LEAVE TO |
| ) | CONDUCT DISCOVERY OR AN |
| Respondent. ) | EVIDENTIARY HEARING, |
| ) | APPOINTMENT OF COUNSEL, & |
| ) | SANCTIONS |
| ) | [DOCKET NOS. 10, 14, 22, 23] |
| ) | |
| ) | |

**INTRODUCTION**

This matter is before the court on Petitioner Kevin Walking Eagle's motion

to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. See

Docket No. 1. On May 31, 2011, the district court, the Honorable Chief Judge

Karen E. Schreier, referred Mr. Walking Eagle's case to this magistrate judge,

pursuant to 28 U.S.C. § 636(b)(1)(B). See Docket No. 16.

**BACKGROUND**

There are five motions currently pending before the court. On April 25,

2011, Mr. Walking Eagle filed a motion for leave to conduct discovery, or in the

alternative, to conduct an evidentiary hearing. Docket No. 10. His motion

challenges the factual basis surrounding his underlying guilty plea and criminal conviction under 21 U.S.C. § 848 for engaging in a continuing criminal enterprise.  He seeks affidavits from his former co-defendants, which he asserts would invalidate his conviction.  Id.  In the alternative, he requests that the court schedule an evidentiary hearing, at which his former co-defendants would be called to testify about Mr. Walking Eagle's role in the continuing criminal enterprise to which he pleaded guilty.  Id.  In support of his request, he cites Rules 6, 7, and 8 of the Rules Governing § 2255 Proceedings ("§ 2255 Rules").  He asserts that Rules 6-8 authorize the discovery he seeks, expansion of the record, and an evidentiary hearing "to establish facts that are in controversy."  Docket No. 10, at 2.

On May 19, 2011, Mr. Walking Eagle filed an identical motion for leave to conduct discovery, or in the alternative, to conduct an evidentiary hearing. Docket No. 14.

On the same date, the government filed a motion for an order directing Mr. Walking Eagle's former counsel, Terry Pechota and Monica Colbath, to submit affidavits in response to the petitioner's claims of ineffective assistance of counsel.  See Docket No. 15.  This court denied the government's motion without prejudice, on the basis that the motion was unaccompanied by a brief with argument or citations to legal authority.  Docket No. 17.  The court also noted that neither Mr. Pechota nor Ms. Colbath had been served with copies of

2

the government's motion, and directed the government to serve each attorney with a copy of the motion, if such motion was later renewed.  Id.

On June 10, 2011, the government renewed its motion for an order directing Mr. Pechota and Ms. Colbath to respond to the claims of ineffective assistance of counsel in the § 2255 petition.[1]  Docket No. 19.  The motion requests the court's determination that the very nature of Mr. Walking Eagle's claims of ineffective assistance of counsel effects a waiver of the attorney-client privilege, which in turn would permit Mr. Pechota and Ms. Colbath to respond by affidavits to the specific claims of ineffective assistance in the habeas petition.  Id.

The government indicates its opposition to Mr. Walking Eagle's two identical motions for discovery or an evidentiary hearing, on grounds that the affidavit procedure it requests is a more expeditious, efficient method by which the court can evaluate the claims of ineffective assistance of counsel in the habeas petition.  See Docket No. 20, at 2, n.1.

Mr. Walking Eagle's response to the government's renewed motion is styled as a "motion in opposition of [government's] renewed motion for order directing affidavits, and opposing [defendant's] request for an evidentiary hearing."  Docket No. 22.  He opposes the government's renewed motion, based

---

[1]Both Mr. Pechota and Ms. Colbath were served with a copy of the government's renewed motion, but neither has responded.

3

on his belief that if the motion is granted, the government will unfairly develop the facts in the light most favorable to its position.  <u>See</u> Docket No. 22. Mr. Walking Eagle renews his motion for an evidentiary hearing, so that he may have an opportunity to develop the facts of his case according to his own interests.  <u>Id.</u>  He also renews his request in the alternative for leave to "develop interrogatories to lead the fact development, instead of the Government."  <u>Id.</u> He also moves the court to appoint counsel for him, pursuant to Rule 8 of the § 2255 Rules.  <u>Id.</u>

The fifth and final motion pending before the court is Mr. Walking Eagle's motion for sanctions against the government.  Docket No. 23.  He invokes Federal Rule of Civil Procedure 11(c)(1) and (2) in support of his position that sanctions are justified due to the government's "grossly negligent" failure to properly serve papers.  <u>Id.</u>  Specifically, he states that the government's first motion for affidavits (which the court denied) was never served on him or on former counsel.  He alleges that the government is failing to mark documents mailed to him as "legal mail," which causes the mail to be processed by the Bureau of Prisons more slowly as regular mail.  <u>Id.</u> at 2.

On July 1, 2011, the government submitted a memorandum in response to the various motions filed by Mr. Walking Eagle.  Docket No. 24.  The government again indicated its position that submission of affidavits from former counsel is a more expeditious means than engaging in formal discovery.

4

Id. at 1.  The government asserts that any ruling on the motions for discovery or an evidentiary hearing would be premature at this time, since the court must first consider the original § 2255 petition and the government's formal answer before it can determine whether discovery or an evidentiary hearing is warranted.  Id. at 2.  The government asserts that sanctions are not warranted because Mr. Walking Eagle has not shown that he was prejudiced by any delay in receipt or failure to receive any documents.  Id.  The government requests that the court hold the various motions in abeyance until the government is able to answer the initial § 2255 motion, which it asserts it is not fully able to do until the court rules on the motion for an order directing former counsel to submit affidavits.

## DISCUSSION

### A.    Rules Governing § 2255 Proceedings

Congress has promulgated specific rules, proposed by the United States Supreme Court, which are applicable to § 2255 proceedings in the United States District Courts.  See "Rules Governing Section 2255 Proceedings for the United States District Courts,"  Pub. L. No. 94-426, § 1, 90 Stat. 1334 (effective Feb. 1, 1977, as amended in 1979, 1982, 1993, 2004, and 2009) ("§ 2255 Rules").  The rules authorize the court to conduct a preliminary review of the § 2255 motion and the attached exhibits to determine whether it plainly appears that the moving party is not entitled to relief.  § 2255 Rules, Rule 4(b).

If the motion cannot be dismissed based on the court's initial review, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id.

Where the court has directed the government to answer the habeas petition, the government's answer "must address the allegations in the motion." § 2255 Rules, Rule 5(a) and (b). Rule 6 states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Where necessary for effective discovery, the court may appoint counsel to assist the movant, if the movant qualifies under 18 U.S.C. § 3006A. See Rule 6(a). Where the moving party requests discovery, as Mr. Walking Eagle has, he must provide reasons for his request and include any proposed interrogatories and requests for admission. Rule 6(b).

Rule 7 concerns expansion of the record where the § 2255 motion is not initially dismissed. The court may direct the parties to expand the record "by submitting additional materials relating to the motion." § 2255 Rules, Rule 7(a). Rule 7(b) denotes some of the specific types of materials that the court may require, including "letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record." § 2255 Rules, Rule 7(b).

After receiving any additional information submitted under Rule 7, the court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." § 2255, Rule 8(a).  Under Rule 8, the court should have the benefit of the government's answer before ordering an evidentiary hearing on the motion.

Mr. Walking Eagle has not complied with Rule 6.  Rule 6 states that the party requesting discovery must include his proposed interrogatories and requests for admission. § 2255 Rules, Rule 6(b).  Mr. Walking Eagle has not submitted the interrogatories he seeks to serve on either his former co-defendants or former counsel.  On this basis, the motion for leave to conduct discovery is denied.

It is clear that under the rules governing § 2255 proceedings, particularly Rule 7(b), affidavits are generally a proper source of evidence for the court's consideration.  It is equally clear that before the court can properly determine that an evidentiary hearing is justified in this case, the court must review the government's answer and other materials. § 2255 Rules, Rule 8(a).  The government has indicated that in order to fully and properly answer the allegations contained in Mr. Walking Eagle's motion, the affidavits of both Mr. Pechota and Ms. Colbath are necessary.  <u>See</u> Docket No. 20.  Therefore, the remaining inquiry as to the government's motion for affidavits is whether the

7

nature of Mr. Walking Eagle's claims operate as a waiver of the attorney-client privilege and permit the court to direct his former counsel to submit affidavits under Rule 7 or any other authority.

## B.   Whether Mr. Walking Eagle's Claims Effect a Waiver of the Attorney-Client Privilege

Mr. Walking Eagle's habeas petition asserts five grounds for relief. Docket No. 1.  Two of those claims are that he received ineffective assistance of counsel, in violation of the Sixth Amendment.  In Ground One, he asserts that his trial attorney, Ms. Colbath, failed to file a direct appeal on his behalf, even though he directed her to do so.  Id. at 5.  In Ground Five, he asserts a collective claim that his former attorneys failed to present a coherent or unified strategy; failed to object to the magistrate's report and recommendation from the suppression hearing; failed to request a Franks hearing; failed to correct facts introduced as evidence; failed to ensure he didn't receive a life sentence; allowed the prosecutor to "badger," harass, threaten, and lie to him; failed to properly review and object to his presentence investigation report; failed to call his brother to testify; and permitted him to plead guilty to a conspiracy charge for which there was an insufficient factual basis.  Id. at 7.

The government asserts that the circumstances which led to Mr. Walking Eagle's claims that he received constitutionally deficient assistance of counsel are "uniquely within counsels' knowledge" and that a limited affidavit from each attorney would explain each attorney's decisions with respect to the

8

handling of Mr. Walking Eagle's case.  Docket No. 20, at 2-3.  The government asserts that the submission of affidavits is a more efficient and cost-effective practice than engaging the discovery rules and holding an evidentiary hearing. Id. at 3.

The government cites several cases indicating that various Courts of Appeals, including the Eighth Circuit, as well as district courts within the Eighth Circuit, have held that a habeas petitioner's claim that he received ineffective assistance impliedly waives the attorney-client privilege with respect to those attorney-client communications which are necessary to prove or disprove his claim.  Docket No. 20, at 3 (quoting United States v. Pinson, 584 F.3d 972, 977-78 (10th Cir. 2009); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974); Nelson v. United States, No. 4:04-CV-8005-FJG, 2010 WL 3398791, at *1 (W.D. Mo. Aug. 24, 2010) (slip copy)).  The government cites four additional district court opinions, each of which directed former counsel to provide affidavits or answer questions regarding allegations of ineffective assistance in a § 2255 petition.  Docket No. 20, at 4 n.2 (citing Dible v. United States, No. C09-4065-LRR, 2010 WL 2652202, at *2 (N.D. Iowa Jun. 28, 2010); Clock v. United States, No. 09-CV-379-JD, 2010 WL 890445, at *2 (D.N.H. Mar. 8, 2010); Hayes v. United States, No. 4:09-CV-531 CDP, 2009 WL 2071244, at *1 (E.D. Mo. Jul. 13, 2009); and United States v. Lossia, No. 04-80422, 2008 WL 192274, at *2 (E.D. Mich. Jan. 23, 2008)).  In each of these

9

cases, the courts limited the extent of the waiver of the attorney-client privilege to the specific issues raised in the habeas petition.

Mr. Walking Eagle opposes the government's renewed motion for affidavits.  Docket No. 22.  He asserts that if the government is permitted to "lead the fact development," inquiry will be made of only those issues which benefit the government, rather than the issues which Mr. Walking Eagle believes would support his best interests.  Id. at 3.  He states his belief that "Government-led fact-finding" by way of affidavits from former counsel is "least effective for determining the truth and the most self-serving" to the government.  Id.  He cites no legal authority indicating whether, or why, the submission of affidavits is improper.  He does not indicate his position regarding whether the attorney-client privilege with respect to his former counsel has been waived by implication.

As the government has indicated in its brief, there is ample authority in the Eighth Circuit and other Circuit Courts of Appeals, as well as district court decisions within the Eighth Circuit, affirming that it is proper in the present circumstances for the court to order former counsel to submit their respective affidavits so that the government may fully answer the allegations that counsel provided constitutionally deficient assistance.  The case law supports the government's position that the allegations made by Mr. Walking Eagle impliedly waived the attorney-client privilege, to the extent of the specific allegations

10

made about counsel's representation of him.  See Pinson, 584 F.3d at 977-78;
Tasby, 504 F.2d at 336; Nelson, 2010 WL 3398791, at *1; Dible, 2010 WL
2652202, at *2; Clock, 2010 WL 890445, at *2; Hayes, 2009 WL 2071244, at
*1; and Lossia, 2008 WL 192274, at *2.  Accordingly, the government's renewed
motion for an order directing former counsel to submit affidavits is granted.
Counsel shall tailor their respective affidavits to include only that information
which is responsive to Mr. Walking Eagle's claims of ineffective assistance of
counsel.  Communications outside the scope of Mr. Walking Eagle's specific
allegations of ineffective assistance of counsel, or information which is not
helpful to the court's consideration of these claims, should not be disclosed by
Mr. Pechota or Ms. Colbath.

**C.      Whether Mr. Walking Eagle is Entitled to Appointed Counsel**

Habeas litigants are not constitutionally entitled to court-appointed
counsel.  Phelps v. United States Federal Government, 15 F.3d 735, 737 (8th
Cir. 1994) (citing Cornman v. Armontrout, 959 F.2d 727, 720 (8th Cir. 1992)).
When considering a motion for appointed counsel in a § 2255 proceeding, the
court should determine "whether the nature of the litigation is such that
plaintiff as well as the court will benefit from the assistance of counsel."
Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (quoting Nelson v.
Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984)).  The court
must consider a number of additional factors as well, including "the factual

11

complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The fact that Mr. Walking Eagle is a federal prisoner is merely one factor for the court's consideration in determining whether appointment of counsel will benefit the litigant and the court. However, the issues presented in his petition are neither factually nor legally complex. His habeas petition has–so far–ably presented his claims. At this juncture, Mr. Walking Eagle has not met the standard for showing that the assistance of counsel is warranted in his case.

The court notes that until it has the benefit of the government's answer to the petition, counsel's affidavits, and Mr. Walking Eagle's reply brief, the court cannot determine whether an evidentiary hearing is warranted. If the court determines that an evidentiary hearing is warranted, Rule 8(c) requires that the court appoint an attorney for Mr. Walking Eagle if he qualifies for appointment of counsel under 18 U.S.C. § 3006A. See § 2255 Rules, Rule 8(c). Appointment of counsel is not warranted at this stage of the litigation, because the government has yet to file its formal answer to the habeas petition.

**D.    Sanctions**

Federal Rule of Civil Procedure 11(c) permits the court to award

sanctions against a party where the court finds that a party has violated Rule

11(b).  Rule 11(b) concerns representations to the court, and provides:

> By presenting to the court a pleading, written motion, or
> other paper--whether by signing, filing, submitting, or later
> advocating it--an attorney or unrepresented party certifies that to
> the best of the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such
> as to harass, cause unnecessary delay, or needlessly increase the
> cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are
> warranted by existing law or by a nonfrivolous argument for
> extending, modifying, or reversing existing law or for establishing
> new law;
>
> (3) the factual contentions have evidentiary support or, if
> specifically so identified, will likely have evidentiary support after a
> reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the
> evidence or, if specifically so identified, are reasonably based on
> belief or a lack of information.

Fed. R. Civ. P. 11(b).

The motion for sanctions must "describe the specific conduct that

allegedly violates Rule 11(b)."  Mr. Walking Eagle's motion for sanctions does

not cite Rule 11(b), but he indicates that the motion is based on untimely or

nonexistent service of process on him and on his former counsel.

There is no allegation in Mr. Walking Eagle's motion for sanctions that the government presented any submission to the court for an improper purpose; that the legal contentions made by the government are unwarranted by existing law or are frivolous; or that any denials of factual contention are not warranted on the evidence.  Under only the broadest possible construction, Mr. Walking Eagle's complaint that the government failed to effectuate proper service on the petitioner on one occasion may be considered an allegation that the government made a factual contention without evidentiary support, under Rule 11(b)(3).  However, the court declines to address the merits of Mr. Walking Eagle's motion for sanctions, because his motion is foreclosed by his failure to comply with Rule 11's twenty-one day "safe harbor" provision.  See Fed. R. Civ. P. 11(c)(2).

Under Rule 11(c)(2), a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within twenty-one days after service or within another time the court sets." Id. The twenty-one day period is "intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, *after receiving the motion*, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." Gordon v. Unifund CCR

14

Partners, 345 F.3d 1028, 1029 (8th Cir. 2003) (quoting Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments) (emphasis in original quote) (rejecting Rule 11 sanctions where party seeking sanctions failed to serve a prepared motion on the offending party prior to making any request for sanctions to the court)).

Here, the government's original motion for an order directing affidavits was filed on May 19, 2011. <u>See</u> Docket No. 15. The court disposed of the motion on June 2, 2011, after the motion was pending for thirteen days. The court has no indication that Mr. Walking Eagle served government counsel with a motion for sanctions within that time frame, such that the government could properly effect service of the motion upon Mr. Walking Eagle or withdraw the motion. <u>See</u>, <u>e.g.</u>, <u>Mortice v. Providian Financial Corp.</u>, 283 F. Supp. 2d 1084, 1087 (D.Minn. 2003). Therefore, a motion for sanctions based on the government's initial motion for affidavits was foreclosed as moot by no later than June 2, 2011, when the court denied the motion.

The government filed its renewed motion for affidavits on June 10, 2011. The motion indicated through a properly-executed certificate of service that Mr. Walking Eagle was served by first-class mail on the same date. <u>See</u> Docket No. 19. Mr. Walking Eagle filed his motion for sanctions on June 24, 2011, twenty-two days after the *original* motion had already been dismissed. There was no opportunity for the government to take corrective action with respect to

15

the original motion, as it was no longer before the court.  There has been no allegation that the renewed motion for affidavits was not properly served on Mr. Walking Eagle.  Party-initiated motions for sanctions under Rule 11 must comply with the rule's "safe harbor" provision.  See MHC Inv. Co. v. Racom Corp., 323 F.3d 620, 623 (8th Cir. 2003).  Therefore, an award of sanctions is not warranted, based on Mr. Walking Eagle's noncompliance with Rule 11.

As a final matter, the court will address two additional assertions made in Mr. Walking Eagle's motion for sanctions.  It should be noted that Mr. Walking Eagle's former counsel are not parties to this action, so service on them of the government's original motion for affidavits was not required of the government under Rule 5.  See Fed. R. Civ. P. 5(a).  The court granted leave for the government to renew the motion and directed that both attorneys be served with the renewed motion, if one was made, in order that each would have notice of the pending motion and an opportunity to respond, if either wished to do so.  The failure to serve a non-party to a civil action is not a recognized basis for an award of sanctions under Federal Rules of Civil Procedure 5 and 11.

As to Mr. Walking Eagle's complaints that he has not received documents in a timely fashion, the court notes that when documents are mailed to a party's last known address, "service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C).  Unfortunately, the government attorneys who file pleadings in this

case via first-class mail have no control over the Bureau of Prison's mail sorting facility or the time within which Mr. Walking Eagle receives his mail.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the government's motion for an order directing Mr. Terry Pechota and Ms. Monica Colbath to prepare affidavits in response to petitioner Ken Walking Eagle's petition [Docket No. 19], is granted.  The government shall serve Mr. Pechota and Ms. Colbath with this opinion together with a copy of Mr. Walking Eagle's petition.  It is further

ORDERED that Mr. Pechota and Ms. Colbath shall, within 21 days following service upon them of this order, serve the government with affidavits addressing Mr. Walking Eagle's allegations of ineffective assistance of counsel as set forth in grounds 1 and 5 of the petition.  It is further

ORDERED that the government shall file its response, either by answer or motion, to Mr. Walking Eagle's petition within 14 days after receipt of the latest-received affidavit from Mr. Pechota and Ms. Colbath.  It is further

ORDERED that Mr. Walking Eagle's motion for court-appointed counsel [Docket No. 22], is denied without prejudice.  It is further

ORDERED that Mr. Walking Eagle's motions for leave to conduct discovery and for an evidentiary hearing [Docket Nos. 10, 14, and 22], are all denied without prejudice.  Finally, it is

17

ORDERED that Mr. Walking Eagle's motion for sanctions [Docket No. 23], is denied.

Dated July 15, 2011.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

18